**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN WARD, JR.** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:21-0897** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN, SCI-HOUTZDALE,** | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

Petitioner, John Ward, Jr., an inmate confined in the State Correctional Institution, Houtzdale, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He attacks a conviction imposed by the Court of Common Pleas for Lackawanna County, Pennsylvania. Id. Presently before the Court is Respondent's motion to dismiss the petition for writ of habeas corpus as barred by the statute of limitations and for Petitioner's failure to exhaust state court remedies prior to filing his federal habeas corpus petition. (Doc. 13). Although provided an opportunity to file a traverse, Petitioner did not file a traverse. The motion is ripe for disposition and, for the reasons set forth below, the petition be

dismissed as untimely under the statute of limitations, see 28 U.S.C. §2244(d).

I.    **Background**

On April 25, 2014, Petitioner, John Ward, Jr., entered a guilty plea in the Lackawanna County Court of Common Pleas to one count of Involuntary Deviate Sexual Intercourse with a Child. (Doc. 1, petition at 1). On August 20, 2014, Petitioner was sentenced to ten to twenty-five years. Id. Petitioner acknowledges that he did not file a direct appeal from his conviction and sentence; nor did he file a collateral challenge for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541-9546. Id.

On May 18, 2021, Petitioner filed the instant petition for writ of habeas corpus. Id. He challenges his guilty plea, claiming that he was "bullied into taking a guilty plea deal by [his] Public Defender and the Judge." Id.

On November 30, 2021, Respondent filed a motion to dismiss the petition as untimely and for Petitioner's failure to exhaust state court remedies prior to filing his federal action. (Doc. 13). Although provided an opportunity to file a brief in opposition, Petitioner has not responded to the motion. Respondent's motion is ripe for disposition and for the reasons set

- 2 -

forth below, the motion will be granted, and Petitioner's action will be dismissed as untimely.

## II.   Discussion

The court shall "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). A petition filed under §2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. §2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).  Thus, under the plain terms of §2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

On August 20, 2014, Petitioner was sentenced to ten to twenty-five years. (Doc. 1, petition). Petitioner's judgment became final on September 19, 2014, when the time expired for him to file a direct appeal from his judgment of sentence. The one-year AEDPA statute of limitations period commenced running as of that date and expired one year later, on September 15, 2015. Therefore, the present petition, filed on May 18, 2021, is patently untimely by six years.

However, the limitation period is not "an inflexible rule requiring dismissal whenever AEDPA's one-year clock has run." Day v. McDonough, 547 U.S. 198, 208 (2006). "Instead, the limitation period is subject to both statutory and equitable tolling." Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 85 (3d Cir. 2013).

### A.    Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect

- 4 -

to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). Because Petitioner failed to collaterally challenge his guilty plea through the filing of a PCRA petition, there is no basis for statutory tolling.

### B.   Equitable Tolling

Equitable tolling stops the clock when extraordinary circumstances prevent a petitioner from timely filing, thereby rendering strict enforcement of the one-year limitations period unfair. Wood v. Milyard, 566 U.S. 463, 469 n.3 (2012); see also Holland v. Florida, 560 U.S. 631 (2010). "Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322

F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Ward presents no evidence to account for the delay in seeking relief in federal court. (See Doc. 1). Nor does he indicate that extraordinary circumstances obstructed his pursuit of post-conviction relief. The fact that a petitioner is proceeding *pro se* does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. Ross v. Varano, 712 F.3d 784, 799-800 (3d Cir. 2013) (citing Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003)). Therefore, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## C.    Actual Innocence

We now turn to the fundamental miscarriage of justice tolling exception. Although the fundamental miscarriage of justice or "actual innocence" exception was previously used to excuse procedural default, the United States Supreme Court has held that a convincing showing of actual innocence may excuse the federal limitations period. McQuiggin v. Perkins, 569 U.S. 383 (2013). McQuiggin made it clear that such an exception is very rare, noting that the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new

Case 3:21-cv-00897-MEM-DB   Document 17   Filed 12/30/21   Page 8 of 10

evidence." Id. at 399 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "To be credible a claim of actual innocence must be based on reliable evidence not presented at trial." Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 558, 559 (1998). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." Sistrunk v. Rozum, 674 F.3d 181, 191 (3d Cir. 2012) (citing Schlup, 513 U.S. at 327). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met)." McQuiggin, 569 U.S. at 386.

"The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " Reeves v. Fayette SCI, 897 F.3d 154 (3d Cir. 2018) (quoting McQuiggin, 569 U.S. at 392).

Here, without citing what his new evidence is, Petitioner makes the conclusory statement that he has "new evidence of [his] crime" in that "[his] victim gets peopled locked up for a crime they never even committed." (Doc. 1 at 9). Petitioner, however, fails to supplement his claim with any reliable showing of factual innocence. Thus, the Court does not find that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. As such, Ward cannot overcome the time-bar based on the actual innocence exception.

## III.   Certificate of Appealability

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

## IV.   **Conclusion**

For the reasons set forth above, the Court will grant the Respondent's motion to dismiss and the petition for writ of habeas corpus will be dismissed as untimely.

A separate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 30, 2021**
21-0897-01

- 10 -